IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| Lovena Brown, n/k/a Turner, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:18-cv-85 |
| Convergent Outsourcing, Inc., a Washington corporation, and Jefferson Capital Systems, LLC, a Georgia limited liability company, | ) ) ) ) ) | Class Action |
| Defendants. | ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Lovena Brown, n/k/a Turner, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

## PARTIES

3. Plaintiff, Lovena Brown ("Brown"), is a citizen of the State of Tennessee, residing in the Eastern District of Tennessee, from whom Defendants attempted to collect a defaulted consumer debt, which was allegedly owed for a Target credit card

account.

4. Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant Convergent operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant Convergent was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, Jefferson Capital Systems, LLC ("Jefferson"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant Jefferson operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant Jefferson was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Jefferson is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Jefferson's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants Convergent and Jefferson are both authorized to conduct

2

business in Tennessee, and maintain registered agents here, see, records from the Tennessee Secretary of State, attached Group Exhibit A. In fact, Defendants Convergent and Jefferson conduct business in Tennessee.

8. Defendant Convergent and Jefferson are both licensed as debt collection agencies in the State of Tennessee, see, records from the Tennessee Department of Commerce & Insurance Administration, attached Group Exhibit B. In fact, both Defendant Convergent and Jefferson act as a collection agencies in Tennessee.

## FACTUAL ALLEGATIONS

9. More than 6 years ago, Ms. Brown fell behind on paying her Target credit card account. Sometime after that debt went into default, it was allegedly purchased/ obtained by Jefferson, which tried to collect upon it, by having Defendant Convergent send Ms. Brown a form collection letter, dated April 19, 2017, demanding payment of the Target debt. This letter was titled "Reduced Balance Opportunity", made an offer to settle the debt for 25% of the balance, and urged Ms. Brown to take advantage of this opportunity. Belatedly, at the end of the reverse side of the letter, it stated:

> We cannot sue to collect this debt and providing partial payment may revive the creditor's ability to sue to collect the balance.

However, the letter failed to state which entity could not sue, just Convergent or Convergent and Jefferson. A copy of this letter is attached as Exhibit C.

10. In fact, neither Defendant could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Tennessee, namely Tennessee Code Annotated, §28-3-109(a)(3) (six years after the cause of action accrued).

11. In fact, there was no opportunity that was going to be lost and no

3

advantage to be had by paying a time-barred debt.

12. Defendants' collection actions constitute material violations of the FDCPA because they failed to disclose effectively that the debt was time-barred and that no one could sue to collect it. This lack of a proper disclosure would leave a consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants could continue to demand payment and that someone could still sue them to collect the debt.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 612 (6th Cir. 2009).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

17. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Buchanan v. Northland

4

Group, 776 F.3d 393 (6th Cir. 2015); Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017), cert. denied, 86 U.S.L.W. 3090 (U.S. Jan. 16, 2018)(No. 17-255); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

18. By sending Plaintiff a collection letter (Exhibit C) for a debt that was time-barred, without adequately disclosing that the debt was time-barred, Defendants violated § 1692e of the FDCPA.

19. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendants, by attempting to collect a time-barred debt, without adequately disclosing that the debt was time-barred, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

5

## CLASS ALLEGATIONS

24. Plaintiff, Lovena Brown, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Tennessee from whom Defendants attempted to collect a defaulted, time-barred consumer debt (<u>i.e.</u>, where the date of last payment/statement is more than six years from the date of the letter), allegedly owed for a Target credit card account, via the same form collection letter (Exhibit <u>C</u>), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

25. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Brown, in their attempts to collect defaulted consumer debts from other consumers.

26. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Brown.

27. Plaintiff Brown's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual

members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

29. Plaintiff Brown will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Brown has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Lovena Brown, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Brown as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Brown and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

7

## JURY DEMAND

Plaintiff, Lovena Brown, n/k/a Turner, individually and on behalf of all others similarly situated, demands trial by jury.

Lovena Brown, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 5, 2018

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Cynthia T. Lawson   (TN Bar No. 018397)
Heather Banks       (TN Bar No. 023493)
Bond, Botes & Lawson, P.C.
6704 Watermour Way
Knoxville, Tennessee 37912
(865) 938-0733
(865) 938-7931 (FAX)
cynthialawson@bbllawgroup.com
heatherbanks@bbllawgroup.com